CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

OCT 24 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **SHAWN WAYNE BREEDEN,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:05CV00413** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | **By: Glen E. Conrad** |
| **Respondent.** | ) | **United States District Judge** |

Shawn Wayne Breeden, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Breeden challenges his conviction in the Circuit Court for the County of Rockingham. Having reviewed the petition, the court concludes that it is untimely and that there are no grounds for equitable tolling. Accordingly, the court will grant the respondent's motion to dismiss.

## BACKGROUND

On November 21, 2001, Breeden was convicted of object sexual penetration in violation of Virginia Code § 18.2-67.2.[1] The Circuit Court sentenced Breeden to a term of imprisonment of twenty years. Breeden's conviction was affirmed by the Court of Appeals of Virginia on January 28, 2003. Breeden then filed a petition for appeal in the Supreme Court of Virginia. On July 16, 2003, the petition was refused. The Supreme Court denied a subsequent request for rehearing on September 12, 2003. Breeden did not file a petition for writ of certiorari in the United States Supreme Court.

On September 7, 2004, Breeden filed a state habeas petition in the Circuit Court for the County of Rockingham. The petition was dismissed on December 18, 2004. Breeden appealed the dismissal of the petition to the Supreme Court of Virginia on February 4, 2005. The petition

---

[1] A conviction for forcible sodomy was reversed by the Court of Appeals of Virginia.

for appeal was dismissed as untimely on May 5, 2005.

Breeden signed the instant petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on May 24, 2005. The petition is presently before the court on the respondent's motion to dismiss. The respondent contends that Breeden's petition is untimely.

## DISCUSSION

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See § 2244(d)(1)(A).[2] In this case, Breeden appealed his conviction to the Supreme Court of Virginia. The Supreme Court of Virginia issued its last decision on September 12, 2003, when the Court denied Breeden's request for rehearing. Breeden's conviction became final ninety days later on December 11, 2003, when the time to file a petition for writ of certiorari in the United States Supreme Court expired.[3] Accordingly, the one-year period of limitation under § 2244(d)(1) began to run on that date.

The one-year period was subsequently tolled on September 7, 2004, when Breeden filed

---

[2] Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, the petitioner has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, the court concludes that the one-year period of limitation began to run on the date the petitioner's conviction became final.

[3] Pursuant to Rule 13(1) of the Rules of the Supreme Court of the United States, Breeden had ninety days to file a petition for writ of certiorari. See also Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (noting that a conviction becomes final when a writ of certiorari is denied or the time to file for such a writ expires).

2

his state habeas petition. Pursuant to § 2244(d)(2), the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). Although the Circuit Court dismissed Breeden's state petition on December 18, 2004, the one-year period remained tolled until January 18, 2005, the date on which the time to appeal the dismissal of the petition expired.[4] See Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001) (stating that the one-year period of limitation is tolled during the interval between the lower court's decision denying a state habeas petition and the deadline for seeking appellate review). Thus, due to his "properly filed" state petition,[5] Breeden was afforded an additional 133 days in which to file a federal petition under § 2254. As a result, Breeden had until April 23, 2005 to file a timely petition. Since Breeden did not sign the instant petition until May 24, 2005, the petition is barred unless Breeden demonstrates some ground for equitable tolling.

The United States Court of Appeals for the Fourth Circuit has explained that equitable tolling is available only when a petitioner presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v.

---

[4] Pursuant to Rule 5:9(a) of the Rules of the Supreme Court of Virginia, Breeden had thirty days to file a timely notice of appeal. The thirty-day period expired on January 17, 2005. However, because January 17, 2005 was a state holiday, Breeden had until the following day, January 18, 2005, to file a notice of appeal. See Va. Code § 1-13.3:1 (repealed effective October 1, 2005) ("When the last day fixed by statute, or by rule of the Supreme Court of Virginia ... for any paper to be served, delivered or filed ... falls on a Saturday, Sunday, legal holiday, or any day on which the clerk's office is closed ... the paper may be served, delivered or filed ... on the next day that is not a Saturday, Sunday or legal holiday, or day on which the clerk's office is closed as authorized by statute."); Va. Code § 1-210 (effective October 1, 2005) (same).

[5] Although Breeden eventually appealed the dismissal of his state habeas petition to the Supreme Court of Virginia, the petition for appeal did not toll the period of limitation, since it was dismissed as untimely. See Pace v. DiGuglielmo, 125 S.Ct. 1807, 1811-14 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2).").

3

Lee, 339 F.3d 238, 246 (4th Cir. 2003). Although Breeden argues that his petition should be deemed timely because of his limited knowledge of the statutory requirements and the fact that he is not represented by counsel, the Fourth Circuit has held that a pro se prisoner's failure to understand how the period of limitation operates is an insufficient basis for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Moreover, the court notes that because most pro se litigants lack the legal knowledge and education of a trained attorney, Breeden's circumstances are not exceptional. For these reasons, the court concludes that Breeden is not entitled to equitable tolling, and that his petition must be dismissed.

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This _24th_ day of October, 2005.

_Jack Conrad_
United States District Judge

4